# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-cv-384-MOC
# (3:11-cr-72-MOC-1)

| | |
|---|---|
| CHARLIE WAYNE BRYANT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and Motions to Appoint Counsel, (Doc. Nos. 2, 4).

## I. BACKGROUND

Petitioner was charged with one count of assaulting a federal officer in violation of 18 U.S.C. § 111(a)(1) and (b) by forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with an officer and employee of the United States while engaged in his official duties, and inflicting bodily injury. The facts of the case, as summarized by the Fourth Circuit Court of Appeals are as follows:

> This [case] arises from an altercation between Defendant and a security officer at the Social Security Administration ("SSA") office in Gastonia, North Carolina. Defendant was a homeless veteran suffering from chronic mental illness. In February 2011, he went to the SSA office to inquire "about some checks that [his] deceased wife tore up in 2005," but the claims representative could not help him. Defendant then became belligerent, and his voice got "real, real loud."
>
> The on-duty security officer, Edward Seigle, approached Defendant and urged him to lower his voice and stop using profanity, but Seigle's comments

1

further agitated Defendant. An altercation ensued, and although accounts vary as to how it started, it is clear that Defendant and Seigle ended up on the ground in the bathroom of the SSA office after Defendant "swung at" Seigle. Defendant thrashed wildly, but Seigle eventually subdued Defendant until police arrived.

United States v. Bryant, 619 Fed. Appx. 212, 213 (4th Cir. 2015) (citations omitted).

Petitioner pled "straight up" to assaulting a federal officer which inflicted bodily injury before Magistrate Judge Cayer on December 8, 2011. (3:11-cr-72, Doc. No. 36). The Government explained the charge and sentencing exposure in open court as follows:

> The count charges that on or about February 8th, 2011, in Gaston County, within the Western District of North Carolina, and elsewhere, Charlie Wayne Bryant did forcibly assault, resist, oppose, impede, intimidate, and interfere with E.L.S., and officer and employee of the United States and of an agency and a branch of the United States government, that is, a contract protective security officer with the United States Department of Homeland Security, Federal Protective Services, while E.L.S. was engaged in, and on account of the performance of E.L.S.'s official duties, and in the commission of the offense, that **Mr. Bryant did make physical contact with the victim, E.L.S., inflicting the bodily injury**.
> …
> The penalty, Your Honor, is not more than **20 years' imprisonment** and/or a $250,000 fine. And that's with the enhancement.
>
> THE COURT: **Do you fully understand the charge against you, including the maximum penalty you face if convicted**?
>
> THE DEFENDANT: **Yes, sir**.

(Id., Doc. No. 36 at 4) (emphasis added).

Petitioner stated that he understood the charges, spoke to counsel about the sentencing guidelines and how they might apply in his case, and understood that he might receive a sentence that is different from the one called for in the guidelines. (Id., Doc. No. 36 at 5). He specifically stated that receiving a sentence more severe than he expects will not give him the right to withdraw his plea. (Id., Doc. No. 36 at 5). Petitioner confirmed that he understood the rights he was waiving by pleading guilty, including the presumption of innocence and the right to proceed to a speedy

trial with the assistance of a lawyer at which he can summon witnesses on his behalf and to confront the witnesses against him. (Id., Doc. No. 36 at 6). He stated that he is, in fact, guilty of the count in the indictment. (Id., Doc. No. 36 at 7). He further stated that nobody made any threats or promises to induce the plea:

> THE COURT: Has anyone threatened, intimidated or forced you to enter a guilty plea today?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: **Has anyone made you any promises of leniency or a light sentence to induce you to plead guilty?**
>
> THE DEFENDANT: **No, sir**.
>
> THE COURT: **Have you had enough time to discuss with your attorney any possible defenses you may have to this charge?**
>
> THE DEFENDANT: **Yes, sir.**
>
> THE COURT: Are you satisfied with the services of your attorney in this case?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Is there anything that you'd like to say at this time about the services of your attorney?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Is there anything that you'd like to say at this time about the services of your attorney?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Have you heard and understood all parts of this proceeding and do you still wish to plead guilty?
>
> THE DEFENDANT: Yes, sir.

(Id., Doc. No. 36 at 7-8) (emphasis added).

Counsel confirmed having reviewed the consequences of the guilty plea with Petitioner and was satisfied that he understood them. (Id., Doc. No. 36 at 8). Judge Cayer found the plea to be knowing and voluntary.

With new counsel, Petitioner moved to withdraw his guilty plea on July 9, 2012, arguing that (1) the plea was not knowing and voluntary because the Court failed to consider a competency report and conduct a competency hearing before accepting the plea; and (2) Petitioner is legally innocence due to insanity. (Id., Doc. No. 35). Judge Cayer denied the motion to withdraw on July 27, 2012, finding that a formal hearing was not required because a competency report had found Petitioner competent to stand trial, and that Petitioner had no meritorious defenses which was fully addressed at the plea hearing. United States v. Bryant, 2012 WL 3069979 (W.D.N.C. July 27, 2012).

The Presentence Investigation Report ("PSR") computed the base offense level under § 2A2.2 and applied enhancements for the threatened use of the officer's firearm, three levels for bodily injury, and two levels for a conviction under 18 U.S.C. § 111(b). It also added six levels under Guidelines Section 3A1.2 because the victim was a government officer and the offense was motivated by the victim's status. Petitioner objected to several aspects of the PSR including factual issues, the applicability of § 2A2.3, and the two-level enhancement for causing bodily injury.

The Court heard testimony from Petitioner and several witnesses at the sentencing hearing which the Fourth Circuit summarized as follows:

> Seigle testified that Defendant "started up at the bottom of my holster, he got to the top of ... my gun in my holster.... [H]e was after my weapon." Defendant confirmed that he "put [his] hand on [Seigle's] holster." However, he denied that he was trying to take Seigle's firearm and instead asserted that he touched the holster merely to "scare" Seigle so that Seigle would "get off of me." But the two SSA employees who witnessed the altercation confirmed Seigle's version of events. They testified that Defendant "grabbed on to Officer Seigle's holster" and was "reaching for [Seigle's] sidearm." The district court also heard from the arresting

4

officer, who testified that after transporting Defendant to jail and reading him his Miranda rights, Defendant stated that he "was trying to grab [Seigle's] Glock," and that his "intentions were to kill him because he was beating me."

Bryant, 619 Fed. Appx. at 213–14 (citations omitted).

The Court calculated the PSR by using the aggravated assault guideline under § 2A2.2 and sentenced Petitioner within the guidelines to 130 months' imprisonment followed by three years of supervised release. (Case No. 3:11-cr-72, Doc. No. 52).

Petitioner challenged the validity of his guilty plea and sentence on direct appeal, arguing (1) the Court abused its discretion by denying his motion to withdraw the guilty plea which lacked a factual basis and was not knowing and voluntary; and (2) the Court used the incorrect Guidelines provision to calculate his sentence. The Fourth Circuit Court of Appeals affirmed Petitioner's guilty plea but remanded for resentencing because it was unable to conclude that the Court had applied the proper sentencing guideline. United States v. Bryant, 540 Fed. Appx. 241 (4th Cir. 2014).

On remand, the Court conducted another sentencing hearing and found that an aggravated assault occurred when Petitioner went for a gun during the fight and again calculated the guidelines using § 2A2.2. It imposed a sentence within the guidelines of 115 months' imprisonment followed by three years of supervised release. (Case No. 3:11-cr-72, Doc. No. 83).

Petitioner argued on appeal that the Court improperly applied Guidelines Section 2A2.2 and asked the Fourth Circuit to order the Court to instead apply Guidelines Section 2A2.4, which would significantly reduce his guidelines range. Specifically, he argued that § 2A2.2 cannot apply because there is no factual basis to support a finding that the assault involved a dangerous weapon. The Fourth Circuit disagreed with Petitioner and affirmed the sentence on July 22, 2015, because

the Court made factual findings that were supported by the record that justified a sentence under the aggravated assault guideline, § 2A2.2. Bryant, 619 Fed. Appx. at 212.

Petitioner filed the instant § 2255 motion to vacate on June 21, 2017, seeking relief because he is being "[h]eld hostage in BOP because statute does not stand." (Doc. No. 1 at 6). He has entitled Ground One "I'm the one got assaulted" followed by a rambling narrative, and Ground Two states in full "Done did." (Doc. No. 1 at 6-7). As relief, he seeks "[t]o have new sentence hear with all evidence including Special Agent Kevin Little Johns report 647GCT back and attorney that will REPRESENT!" (Doc. No. 1 at 16). Construing the *pro se* pleading liberally, it appears that Petitioner is attempting to argue that: (1) trial counsel was ineffective for (A) providing misadvice which rendered the guilty plea involuntary; and (B) failing to present evidence demonstrating his innocence; and (2) the Court erred at sentencing by (A) applying Guidelines Section 2A2.2 because no deadly weapon was used, possessed, controlled, or brandished; (B) entertaining perjured testimony; and (C) relying on a PSR that contains lies.

## II. PENDING MOTIONS

In § 2255 actions, the appointment of counsel is governed by the Rules Governing § 2255 Proceedings, Rules 6(a) and 8(c), which mandate the appointment of counsel where discovery is necessary or if the matter proceeds to an evidentiary hearing. Id. There is no constitutional right to the appointment of counsel in a § 2255 proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). The Court may appoint counsel to a financially eligible habeas petitioner if justice so requires. See 18 U.S.C. § 3006A(a)(2)(B).

The Court finds that Petitioner has not shown that appointment of counsel is appropriate in this case. No evidentiary hearing is required to resolve Petitioner's claims, discovery is not

necessary, and justice does not require the appointment of counsel. Petitioner's motions for the appointment of counsel are therefore denied.

### III. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689). The Strickland standard is

difficult to satisfy in that the "Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." See Yarborough v. Gentry, 540 U.S. 1, 8 (2003). The prejudice prong inquires into whether counsel's deficiency affected the judgment. See Strickland, 466 U.S. at 691. A petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In considering the prejudice prong of the analysis, a court cannot grant relief solely because the outcome would have been different absent counsel's deficient performance, but rather, it "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), *opinion vacated on other grounds*, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). In evaluating such a claim, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss . . . any § 2255

motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005); see also Fields v. Attorney Gen., 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."). Claims of ineffective assistance of counsel at sentencing after a guilty plea require a petitioner to establish a reasonable probability that, absent the alleged error, the results of the proceeding would have been different. United States v. Mayfield, 320 Fed. Appx. 190, 191 (4th Cir. 2009).

## IV. DISCUSSION

(1) Ineffective Assistance of Trial Counsel

(A) Involuntary Plea

First, Petitioner appears to argue that his guilty plea was rendered involuntary by counsel's failure to review discovery with him and assurance that he would only receive a sentence of 24 months' imprisonment.

This claim is conclusively refuted by the record. Petitioner stated under oath at the Rule 11 hearing that he received a copy of the indictment and reviewed it with his attorney, that his sentencing exposure was up to 20 years' imprisonment, that he had enough time to discuss any possible defenses with counsel, with whom he was satisfied, that he is guilty of the charged offense, and nobody made him any promises of leniency to induce his plea. He also stated that he understood the rights he was waiving by entering his plea and the elements of the offense to which he was pleading guilty. These statements are presumptively correct and have not been overcome by Petitioner's present self-serving and conclusory statements that counsel promised him a low sentence and failed to adequately discuss the case. Blackledge, 431 U.S. at 74 ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of

conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); see, e.g., Lemaster, 403 F.3d at 221–22 (§ 2255 petitioner's sworn statements during the plea colloquy conclusively established that his plea agreement and waiver were knowing and voluntary).

Moreover, Petitioner does not allege that he would not have pled guilty but for counsel's alleged misadvice. He has completely failed to allege prejudice and, therefore, this claim is also facially insufficient. See generally Hill, 474 U.S. at 370.

Petitioner's allegation that his plea was involuntarily entered due to counsel's misadvice is therefore denied.

(B)     Presenting a Defense

Petitioner appears to contend that he is innocent of the offense to which he pled guilty and that counsel was ineffective for failing to present evidence to the Court in support of his innocence.

"[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993).

The Rule 11 hearing transcript reveals that Petitioner knowingly and voluntarily pled guilty and admitted under oath in open court that he was pleading guilty because he is guilty. Petitioner entered a knowing and voluntary guilty plea which waived any alleged deficiency of counsel that preceded it, and lifted from counsel the duty to present evidence of his innocence, which would have been contrary to Petitioner's sworn statements of guilt in open court. This claim is therefore denied.

(2)     Sentencing Error

Petitioner appears to argue that the Court erred at sentencing by: (A) calculating the guideline range based on Guidelines Section 2A2.2, which is inapplicable because no deadly

weapon was used, possessed, controlled, or brandished; (B) relying on perjured testimony presented at the sentencing hearing; and (C) relying on a PSR that contains lies.

It is well settled that a criminal defendant cannot "circumvent a proper ruling ... on direct appeal by re-raising the same challenge in a § 2255 motion." United States v. Dyess, 730 F.3d 354, 360 (4th Cir. 2013) (quoting United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009)); see also United States v. Roane, 378 F.3d 382, 396 n. 7 (4th Cir. 2004) (noting that, absent "any change in the law," defendants "cannot relitigate" previously decided issues in a § 2255 motion); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.1976) (holding criminal defendant cannot "recast, under the guise of collateral attack, questions fully considered by this court [on direct appeal]").

Petitioner has already argued before this Court and on direct appeal that Guidelines Section 2A2.2 does not apply to him. The Fourth Circuit disagreed with Petitioner and affirmed this Court's finding that § 2A2.2 does apply. Petitioner's references to lies in the PSR and the presentation of perjured testimony are too vague, conclusory, and unsupported to set forth a sufficient claim for relief. See generally Dyess, 730 F.3d at 354 (vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court). Further, Petitioner has already argued to this Court that the PSR and the witness testimony at sentencing do not support the application of § 2A2.2. The Court resolved the factual disputes in favor of the Government and found that § 2A2.2 applies. The Fourth Circuit affirmed on direct appeal, finding that the Court's factual determinations are supported by the record. Petitioner has failed to cite any change in the law that would warrant revisiting these issues. This Court therefore declines to review these matters again on § 2255 review.

Moreover, to the extent that Petitioner challenges the Court's sentencing calculation, such claims are not cognizable on § 2255 review. Barring "extraordinary circumstances, … an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999). Section 2255 provides relief for cases in which "the sentence was in excess of the maximum authorized by law." Thus, while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines. See United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999) ("misapplication of the [sentencing] guidelines typically does not constitute a miscarriage of justice."). Merely alleging a miscalculation of the guidelines does not give rise to a constitutional issue and therefore is not cognizable in the context of a § 2255 motion to vacate. Pregent, 190 F.3d at 284.

Petitioner's 115-month sentence does not exceed the statutory maximum of 20 years' imprisonment. See 18 U.S.C. § 111(a)(1), (b). Therefore, to the extent that Petitioner attempts to challenge the calculation of his sentence, this claim is not cognizable on § 2255 review.

Therefore, Petitioner's claims of ineffective assistance of trial counsel and sentencing error will be denied.

### V.     CONCLUSION

For the foregoing reasons, the Court denies Petitioner's § 2255 petition and denies his motions for the appointment of counsel.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED**.

2. Petitioner's Motions for the Appointment of Counsel, (Doc. Nos. 2, 4), are **DENIED**.

3. IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: October 25, 2017

Max O. Cogburn Jr
United States District Judge